# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH CAROLINA

RCV'D - USDC COLA S
DEC 8 '25 PM 3:17

Alton T. Adams, Plaintiff

v.

South Carolina Department of Social Services; Lexington County; Sheriff Jay Koon, in his individual and official capacities; Katina Reagan, in her individual and official capacities; John Doe 1–10,
Defendants.

Civil Action No. _____

# PLAINTIFF'S MEMORANDUM IN SUPPORT OF ADA AND § 1983 CLAIMS

## I. INTRODUCTION

This memorandum outlines the legal basis for Plaintiff's claims under **Title II of the Americans with Disabilities Act** and **42 U.S.C. § 1983**. Plaintiff demonstrates that over a multi-decade period, South Carolina agencies, county governments, and individual state actors systematically denied him access to public programs, ignored documented disabilities, and violated clearly established constitutional rights.

## II. SUMMARY OF THE CLAIMS

Plaintiff's theory is direct:

2318 PondBranch rd
Leesville S.C. 29070

*[signature: Alton Adams]*
12-08-2025

1. **Title II ADA violations** by DSS and Lexington County for denying Plaintiff equal access to public services, disability

---

# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH CAROLINA

Alton T. Adams, Plaintiff

v.

South Carolina Department of Social Services; Lexington County; Sheriff Jay Koon, in his individual and official capacities; Katina Reagan, in her individual and official capacities; John Doe 1–10,
Defendants.

Civil Action No. _____

# PLAINTIFF'S MEMORANDUM IN SUPPORT OF ADA AND § 1983 CLAIMS

---

## I. INTRODUCTION

This memorandum outlines the legal basis for Plaintiff's claims under **Title II of the Americans with Disabilities Act and 42 U.S.C. § 1983**. Plaintiff demonstrates that over a multi-decade period, South Carolina agencies, county governments, and individual state actors systematically denied him access to public programs, ignored documented disabilities, and violated clearly established constitutional rights.

---

## II. SUMMARY OF THE CLAIMS

Plaintiff's theory is direct:

*[signature] Alton Adams*
*12-08-2025*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

[~~Your Name~~], Plaintiff, Alton Adams

v.

South Carolina Department of Social Services (DSS);
Lexington County;
Sheriff Jay Koon, in his individual and official capacities;
Katina Reagan, in her individual and official capacities;
John Doe 1, State/County Employee, in individual and official capacities;
Defendants.

Civil Action No.: _____

# COMPLAINT

(Title II Americans with Disabilities Act; 42 U.S.C. § 1983; Declaratory and Injunctive Relief; Monetary Damages)

---

## I. JURISDICTION AND VENUE

1. This action arises under Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 et seq.) and 42 U.S.C. § 1983 for violations of the Plaintiff's constitutional rights.

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper under 28 U.S.C. § 1391 because the events giving rise to this action occurred within the District of South Carolina.

---

## II. PARTIES

4. Plaintiff [~~Your Name~~] Alton Adams is a resident of South Carolina and a qualified individual with disabilities, including physical impairment of his left hand and documented mental health

impairments.

5. **Defendant South Carolina Department of Social Services (DSS)** is a state agency subject to Title II of the ADA and responsible for administering public services, benefits, and programs.

6. **Defendant Lexington County** is a political subdivision responsible for policies, customs, and practices affecting law enforcement and disability accommodations.

7. **Defendant Sheriff Jay Koon**, sued in his **individual** and **official** capacities, is responsible for policies, training, supervision, and ADA compliance within Lexington County Sheriff operations.

8. **Defendant Katina Reagan**, sued in her **individual** and **official** capacities, is a DSS employee responsible for decisions related to Plaintiff's access to services, accommodations, and benefits.

9. **Defendant John Doe 1** is an unidentified state or county employee involved in the acts and omissions described herein.

## III. FACTUAL ALLEGATIONS

10. Plaintiff has been disabled since sustaining a severe injury to his left hand as a teenager, including tendon and nerve damage and permanent loss of functional use.

11. Plaintiff has long-standing mental health conditions documented since at least 2007, including hospitalization and treatment.

12. Plaintiff has applied for disability-based benefits repeatedly since approximately age 19 and has been systematically denied, despite medical evidence supporting his impairments.

13. In 2016, during an administrative hearing, an Administrative Law Judge observed Plaintiff's hand deformity and explicitly found Plaintiff unable to engage in substantial gainful employment. Despite this, Plaintiff's claim was reversed without lawful basis.

14. While incarcerated within SCDC, Plaintiff's disability benefits application was filed by corrections staff, who also indicated Plaintiff was long overdue for approval. The state again denied benefits.

15. Plaintiff filed multiple grievances, complaints, and administrative requests related to ADA access, benefits, violations of due process, and misconduct by state actors. For decades, these complaints were ignored or mishandled.

16. DSS, Lexington County, and individual Defendants failed to provide reasonable accommodations, failed to properly evaluate disabilities, and relied on policies and practices that discriminated against Plaintiff.

17. Defendants acted with deliberate indifference to Plaintiff's physical disability, mental health impairments, and constitutional rights.

18. These failures caused long-term economic losses, emotional distress, barriers to public services, improper incarceration consequences, and systemic discrimination.

## IV. CLAIMS FOR RELIEF

### COUNT 1: Violation of Title II of the ADA (Against DSS and Lexington County)

19. Plaintiff incorporates all prior allegations.

20. Plaintiff is a qualified individual with disabilities.

21. Defendants denied Plaintiff meaningful access to public services and programs.

22. Defendants engaged in discriminatory practices by failing to:

- accommodate known disabilities,

- properly evaluate disability claims,

- ensure ADA-compliant policies, and

- prevent discriminatory decision-making.

23. Plaintiff suffered damages as a direct result.

### COUNT 2: § 1983 — Violation of Due Process and Equal Protection (Against All Individual Defendants)

24. Plaintiff incorporates prior allegations.

25. Defendants, acting under color of state law, deprived Plaintiff of rights protected by the Fourteenth Amendment.

26. Defendants' actions were arbitrary, discriminatory, and without lawful justification.

### COUNT 3: § 1983 — Policy, Practice, and Custom Liability (Against Lexington County)

27. Plaintiff incorporates all prior allegations.

28. Lexington County maintained unconstitutional customs, failed to train, and allowed practices that directly caused Plaintiff's injuries.

## V. DAMAGES

29. Compensatory damages for emotional distress, loss of income, loss of benefits, and harm from years of denial.

30. ADA damages available against appropriate governmental entities.

31. Punitive damages against individual Defendants for reckless and deliberate misconduct.

32. Declaratory and injunctive relief requiring corrective action.

33. Attorney's fees and costs under 42 U.S.C. § 1988.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

1. Enter judgment in Plaintiff's favor;

2. Award compensatory, punitive, and ADA damages;

3. Order injunctive relief mandating policy reforms;

4. Require proper evaluation and accommodation of Plaintiff's disabilities;

5. Award fees and costs; and

6. Grant all further relief the Court deems just.

---

**Jury Trial Demanded.**

Respectfully submitted,

[Your Name] ALTON ADAMS; *Alton Adams* (signature)
Date: 12-08-2025    2318 PONDBRANCH Rd Leesville S.C 29070

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

[YOUR NAME], Plaintiff,

v.

South Carolina Department of Social Services (DSS);
Lexington County;
Sheriff Jay Koon, in his individual and official capacities;
Katina Reagan, in her individual and official capacities;
John Doe 1, State/County Employee, in individual and official capacities;
Defendants.

Civil Action No.: _____

# COMPLAINT

(Title II Americans with Disabilities Act; 42 U.S.C. § 1983; Declaratory and Injunctive Relief; Monetary Damages)

---